**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| MAHRIAH EWING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:20-cv-651 |
| | ) |
| HORIZON RECOVERY GROUP, INC. and | ) |
| INTEL ADVANTAGE, LLC, | ) |
| | ) |
| Defendants. | ) |

**<u>PLAINTIFF'S COMPLAINT</u>**

Plaintiff, MAHRIAH EWING ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendants, HORIZON RECOVERY GROUP, INC. ("HRG") and INTEL ADVANTAGE, LLC ("Intel Advantage") (collectively "Defendants"):

**INTRODUCTION**

1. Counts I and II of Plaintiff's Complaint are based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Counts III and IV of Plaintiff's Complaint are based on the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, et al. ("TDCA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k and 15 U.S.C. § 1693(m).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Overton, Rusk County, State of Texas.

8. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Defendants are debt collectors as that term is defined by the FDCPA and TDCA.

11. Within the past year, Defendants attempted to collect a consumer debt from Plaintiff.

12. HRG is a collection agency headquartered in the City of Joliet, Will County, State of Illinois.

13. Intel Advantage is a collection agency headquartered in the City of Charlotte, Mecklenburg County, State of North Carolina.

14. Defendants are engaged in the collection of debt within the State of Texas.

15. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. When an unpaid, outstanding account is placed with Defendants it is assigned an account number.

17. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

18. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

19. During the course of its attempt to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

20. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

21. HRG is attempting to collect an alleged consumer debt from Plaintiff originating with CMG Group.

22. The alleged debt at issue arises from transactions for personal, family, and household purposes.

23. In or around September 2020, HRG began placing calls to Plaintiff on Plaintiff's telephone at xxx-xxx-5183, in an attempt to collect the alleged debt.

24. HRG calls Plaintiff from 254-327-1210, which is one of HRG's telephone numbers.

25. In or around September 2020, Plaintiff answered HRG's call and spoke with one of HRG's collectors.

26. During the conversation:

    a. HRG's collector threatened to garnish Plaintiff's wages.

    b. HRG's collector threatened to file a lawsuit against Plaintiff.

    c. HRG's collector threatened to take possession of Plaintiff's property.

    d. HRG's collector threatened to take possession of Plaintiff's vehicle.

    e. HRG's collector demanded immediate payment from Plaintiff.

27. Relying on HRG's empty threats, Plaintiff agreed to make scheduled payments to HRG in

the amount of $176.22 until the account is paid in full.

28. On or about September 17, 2020, HRG e-mailed a DocuSign payment authorization letter to Plaintiff, which was on the letterhead of HRG (the "Letter"). *See* Exhibit A attached.

29. The Letter is dated September 17, 2020.

30. The Letter falsely represents a lawsuit is filed against Plaintiff and provides a "Case Number" of MPJ68236.

31. The Letter discloses that "[p]ayments will be proceed through **Intel Advantage**."

32. On or about September 25, 2020, $176.22 was withdrawn from Plaintiff's bank account and the Merchant Name on Plaintiff's bank statement is Intel Advantage.

33. The natural consequences of HRG's statements and actions was to produce an unpleasant and/or hostile situation between HRG and Plaintiff.

34. The natural consequences of HRG's statements and actions was to cause Plaintiff mental distress.

35. HRG acted with intent to annoy and harass Plaintiff.

36. To date, HRG has not taken legal action Plaintiff.

37. To date, judgment is not entered against Plaintiff.

38. During all times pertinent hereto, Intel Advantage had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by HRG and its employees and agents in attempts to collect an alleged debt from Plaintiff as alleged above.

39. Intel Advantage knew that HRG repeatedly or continuously engaged in illegal collection practices.

40. Intel Advantage and HRG, and their respective agents and employees, knew that the

representations made to Plaintiff were false, deceptive and misleading.

## COUNT I
## HRG VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff repeats and re-alleges paragraphs one (1) through forty (40) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

42. HRG violated the FDCPA based on the following:

   a. HRG violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when HRG engaged in at least the following discrete violations of § 1692e;

   b. HRG violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount or legal status of any debt, when HRG falsely represented a lawsuit was filed against Plaintiff;

   c. HRG violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the seizure or attachment of property and garnishment of wages of any person unless such action is lawful and the debtor collector intends to take such action, when HRG threatened to garnish Plaintiff's wages and when HRG threatened to take possession of Plaintiff's property and Plaintiff's vehicle when HRG could not lawfully do so;

   d. HRG violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken, when HRG threatened to take legal action against Plaintiff and HRG did not intend to take such action;

   e. HRG violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when HRG provided Plaintiff with a "Case Number" and insinuated legal action

5

was taken against Plaintiff;

    f. HRG violated § 1692g(b) of the FDCPA by engaging in collection activities that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when HRG demanded immediate payment from Plaintiff; and

    g. HRG violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when HRG engaged in the foregoing conduct.

WHEREFORE, Plaintiff, MAHRIAH EWING, respectfully requests judgment be entered against Defendant, HORIZON RECOVERY GROUP, INC., for the following:

43. Actual damages of $176.22 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

44. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

45. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

46. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## INTEL ADVANTAGE VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiff repeats and re-alleges paragraphs one (1) through forty (40) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

48. As alleged above, Intel Advantage is a debt collector as defined by the FDCPA.

49. Intel Advantage has the burden to monitor the activities of HRG.

50. HRG violated the FDCPA.

51. Intel Advantage is vicariously liable for the unlawful collection activities carried out by HRG on its behalf.

WHEREFORE, Plaintiff, MAHRIAH EWING, respectfully requests judgment be entered against Defendant, INTEL ADVANTAGE, LLC, for the following:

52. Actual damages of $176.22 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

53. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

54. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

55. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## HRG VIOLATED THE TEXAS DEBT COLLECTION ACT

56. Plaintiff repeats and re-alleges paragraphs one (1) through forty (40) of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

57. HRG violated the TDCA based on the following:

   a. HRG violated Tex. Fin. Code § 392.304(8) by misrepresenting the character, extent, or amount of a consumer debt, when HRG falsely represented a lawsuit was filed against Plaintiff, when HRG threatened to garnish Plaintiff's wages when HRG could not lawfully do so and when HRG threatened to take possession of Plaintiff's property and Plaintiff's vehicle when HRG could not lawfully do so.

WHEREFORE, Plaintiff, MAHRIAH EWING, respectfully requests judgment be entered against Defendant, HORIZON RECOVERY GROUP, INC., for the following:

58. Actual damages of $176.22 provided and pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

59. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

60. For attorneys' fees, costs and disbursements;

61. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

62. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT IV
## INTEL ADVANTAGE VIOLATED THE TEXAS DEBT COLLECTION ACT

63. Plaintiff repeats and re-alleges paragraphs one (1) through forty (40) of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

64. As alleged above, Intel Advantage is a debt collector as defined by the TDCA.

65. Intel Advantage has the burden to monitor the activities of HRG.

66. HRG violated the TDCA.

67. Intel Advantage is vicariously liable for the unlawful collection activities carried out by HRG on his behalf.

WHEREFORE, Plaintiff, MAHRIAH EWING, respectfully requests judgment be entered against Defendant, INTEL ADVANTAGE, LLC, for the following:

68. Actual damages of $176.22 provided and pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

69. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

70. For attorneys' fees, costs and disbursements;

71. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

72. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

DATED:  December 21, 2020                RESPECTFULLY SUBMITTED,


By: /s/ Michael S. Agruss
    Michael S. Agruss
    IL SBN: 6281600
    Agruss Law Firm, LLC
    4809 N. Ravenswood Ave., Suite 419
    Chicago, IL 60640
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    Attorney for Plaintiff

# **<u>EXHIBIT A</u>**



**Horizon Recovery Group**
682-499-9058: Office
919-591-0443: Fax

September 17, 2020

**Original Lender: CMG GROUP**
**Balance Due: $2290.86**
**Current Balance: $2290.86**
**Case Number: MPJ68236**

Mahriah Ewing

Overton TX 75684

Dear Mahriah:

Horizon Recovery Group has offered you an opportunity to settle without further processing in the amount of **$2290.86** on your **CMG GROUP** account.

Payments Scheduled as followed:

**Amount:   $176.22 Due Date: 9/25 10/26 11/25 12/25 1/25 2/25 3/25 4/26 5/25 3/25 7/26 8/25 9/27/2021**

**Payment Method:  XXXX6619**

This letter is to indicate that your account will be settled in full for the amount of $**2290.86**.  Effective **09/27/21** upon completion and confirmation of your final payment, therefore releasing you from liability and any further actions on this account. Payments will be processed through **Intel Advantage**. This letter is verification of your arrangement and will relieve you from paying any other company if you receive further correspondence.

You must sign and return this letter indicating admission of the full amount of the account, and acceptance of the terms of our agreement.

If you have any further questions or concerns pertaining to this account, you may contact our office toll free at **682-499-9058** Monday through Friday 9:00am to 6:00pm.

**Admission & Acceptance**

The undersigned hereby admits the full amount of the above outstanding account and accepts the above terms of payment.

**Print Name**:          MAHRIAH NICOLE EWING

**Signature**:

**Date**:

\*\*\*Federal law requires me to inform you that this communication is from a debt collector in an attempt to collect a debt and any information obtained will be used for that purpose\*\*\*

Sincerely,


Horizon Recovery Group
682-499-9058

# AUTHORIZATION FOR PAYMENT FORM

*\*\*\*All information will remain confidential\*\*\**

         MAHRIAH NICOLE EWING

I _____ do understand that my payment(s) will be processed through Intel Advantage

I agree to the following charges withdrawn from my credit card/bank account:

**Amount:   $176.22 Due Date: 9/25 10/26 11/25 12/25 1/25 2/25 3/25 4/26 5/25 3/25 7/26 8/25 9/27/2021**

**Payment Method:  XXXX6619**

If any changes or modifications to this payment plan need to be made, you must contact the biller directly 3 days prior to the payment date.

I certify that I am an authorized user of this credit card or bank account and that I will not dispute the payment with my financial institution; provided transactions correspond to the payment plan discussed with representative via telephone and terms indicated in this authorization form.

By signing this form, you authorize **INTEL ADVANTAGE** to charge your card/account for the amount listed above.

Signature: _____

Date: _____